William A. Hanssen (Bar No. 110613)
DRINKER BIDDLE & REATH LLP
Wells Fargo Building, North Tower
333 South Grand Avenue #1700
Los Angeles, California  90071-1504
Telephone:  (213) 253-2300
Facsimile:  (213) 253-2301
*william.hanssen@dbr.com*

Darren S. Cahr *(pro hac vice)*
David J. Moorhead *(pro hac vice)*
Jeffrey T. Baravetto *(pro hac vice)*
DRINKER BIDDLE & REATH LLP
191 North Wacker Drive #3700
Chicago, IL  60606-1698
Telephone:         (312) 569-1000
Facsimile: (312) 569-3000
*darren.cahr@dbr.com*
*david.moorhead@dbr.com*
*jeffrey.baravetto@dbr.com*

JS-6

Attorneys for Plaintiff
TRADEMARK HOLDINGS OF ILLINOIS LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| TRADEMARK HOLDINGS OF ILLINOIS LLC, an Illinois limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>KINGS TWO DENTAL SUPPLY, a California corporation<br><br>Defendant | Case No.  CV09-01773 RGK (Ex)<br><br>**STIPULATION AND [P̶R̶O̶P̶O̶S̶E̶D̶] CONSENT JUDGMENT**<br><br>Honorable R. Gary Klausner |

## STIPULATED CONSENT JUDGMENT

Plaintiff Trademark Holdings of Illinois LLC ("THI") and Defendant WNHL, Inc. d/b/a Kings Two Dental Supply ("WNHL") hereby stipulate that they have entered into an agreement for purposes of amicably resolving their dispute and thereby move this Court pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, for entry of a consent judgment.

The parties hereby stipulate to the following terms of judgment:

1.   THI commenced this action for illegal importation, distribution, and dealings in large, commercial quantities of goods bearing registered U.S. trademarks that were imported in violation of the Tariff Act, 19 U.S.C. § 1526.  WNHL has been served with and answered the Amended Complaint filed by THI in this action.

2.   This Court has jurisdiction over the parties to this action and over the subject matter of the Complaint.

3.   THI is the sole owner of all rights in the United States in the trademarks EXAFLEX, MIRACLE MIX, GC & Design (including 3 separate registrations), GC FUJI LINING, GC FUJI PLUS, GC FUJI II, GC FUJI II LC, GC FUJI I, GC FUJICEM, GC FUJI ORTHO, EXAFAST, and EXAMIX, including, respectively, U.S. Trademark Registration Nos. 1,163,378, 1,347,178, 1,745,053, 1,746,369, 1,780,280, 1,995,800, 2,186,360, 2,397,606, 2,412,207, 2,438,151, 2,506,680, 2,652,064, 3,106,773 and 3,109,281 (collectively, the "Registered Marks").

4.   WNHL admits and acknowledges that the Registered Marks are valid and enforceable by THI.

5.   WNHL has purchased goods either directly or indirectly from overseas distributors and resellers.  These goods bear several of the

Registered Marks (the "Unauthorized Goods").

6. WNHL was dealing, including selling, distributing, marketing, and advertising in these Unauthorized Goods.

7. Defendant WNHL, its officers, directors, affiliates, subsidiaries, assigns, and successors-in-interest are hereby permanently enjoined from purchasing, dealing, selling, distributing, marketing, or advertising in these Unauthorized Goods.

8. In the event it is established in any subsequent litigation that any of the Registered Marks are not valid or are unenforceable, the permanent injunction referred to in paragraph 7 is made void, but only as it pertains to any specific Registered Mark that is found not valid or unenforceable.

9. THI shall provide WNHL with a list of entities that are authorized to deal, sell, distribute, market, and advertise goods bearing the Registered Marks ("Authorized Dealers"). WNHL acknowledges that while goods bearing the Registered Marks may be legally purchased from Authorized Dealers, these goods are subject to limitations and restrictions on their sale, resale, and distribution, and WNHL warrants that it will comply with all such limitations and restrictions.

10. In the event of any violation of this Consent Judgment by WNHL: (1) WNHL acknowledges that THI will not have an adequate remedy at law and that THI shall be entitled to immediate injunctive relief, in addition to whatever other remedies it may have, in any court of competent jurisdiction against any acts of non-compliance by WNHL with this consent judgment; and (2) WNHL shall reimburse THI for all of its attorneys' fees and costs incurred in seeking to halt violations of this Consent Judgment.

11. This Consent Judgment shall be binding on all subsidiaries, related companies, and officers and directors of the parties, as well as their assigns and successors in interest and anyone having notice thereof.

12. No appeal shall be taken from this Consent Judgment.

13. This Court shall retain jurisdiction over this case for purposes of enforcing the Consent Judgment.

Respectfully submitted,

Dated: 10/06/09

DRINKER BIDDLE & REATH LLP

By: /s/ William A. Hanssen
William A. Hanssen
Darren S. Cahr
David J. Moorhead
Jeffrey T. Baravetto
Attorneys for Plaintiff
TRADEMARK HOLDINGS OF ILLINOIS LLC

Dated: 10/05/09   CHANG & COTE LLP

By: /s/ Travis J. Tom
Travis J. Tom
Attorneys for Defendant
WNHL, INC D/B/A KINGS TWO DENTAL SUPPLY

**ORDER**

Based on the foregoing stipulation, it is so ordered.

DATED: October 23, 2009

_____
The Honorable R. Gary Klausner
United States District Court Judge

CH01/ 25375031.4

- 3 -